IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

JOSEPH JOHNSON, JR.

    Plaintiff,

v.                               Case No.: GJH-15-1820

BETSY DEVOS, SECRETARY
U.S. DEP'T OF EDUC., *et al.*,

    Defendants.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

In a previous Memorandum Opinion, the Court granted Defendants' Motion for Judgment on the Pleadings, dismissing Plaintiff Joseph Johnson, Jr.'s action against Arne Duncan, then-Secretary of the United States Department of Education,[1] and the Department of Education ("the Department") (collectively, "Defendants"), for breach of conditional settlement, promissory estoppel, unjust enrichment, and violations of the Consumer Credit Reporting Reform Act of 1996 or Fair Credit Reporting Act ("FCRA"), the Debt Collection Improvement Act of 1996, and the Higher Education Act of 1965, all arising from Johnson's student loan debt.[2] Now pending before the Court is Plaintiff's Motion to Clarify and for Leave to Amend the Complaint, ECF No. 51, and Defendants' Motion to Strike Plaintiff's Motion, ECF No. 52. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. July 1, 2016). For the following reasons, Plaintiff's Motion is denied and Defendants' Motion to Strike is denied.

---

[1] Betsy DeVos was confirmed as the eleventh Secretary of Education on February 7, 2017 and shall be automatically substituted for former Secretary of Education, Arne Duncan pursuant to Fed. R. Civ. P. 25(d).

[2] The background facts of this case were fully set forth in the Court's previous Opinion. ECF No. 49. All claims were dismissed. *See id.* at 13.

I. **DISCUSSION**

A. **Defendants' Motion to Strike**

As an initial matter, Johnson filed his *pro se* Motion, ECF No. 51, while he was represented by counsel, Brian S. Jablon. A district court is not required to accept such a motion. *See United States v. Gadsden*, No. CRIM. WDQ-11-0302, 2013 WL 6145109, at *4 (D. Md. Nov. 20, 2013), *aff'd*, 616 F. App'x 539 (4th Cir. 2015). Indeed, Local Rule 102.1(a)(i) provides that "[w]hen a party is represented by counsel, the Clerk shall accept for filing only documents signed by a member of the Bar of this Court whose appearance is entered on behalf of that party." Loc. R. 102.1(a)(i) (D. Md. July 1, 2016). Jablon has not filed a Motion to Withdraw in this matter, and Defendants have moved to strike Plaintiff's Motion on this basis. ECF No. 52.

However, a new attorney, Kathleen Hyland, entered an appearance as counsel of record on March 27, 2017. *See* ECF No. 53. On the same day, Hyland filed an Opposition to Defendant's Motion to Strike on Plaintiff's behalf, and in the alternative, requested leave to amend to cure the cited error under Loc. R. 102.1(a)(i). ECF No. 54. In the Opposition to the Motion to Strike, Plaintiff indicates that he reasonably believed that Jabron was no longer going to represent him following judgment, and therefore filed the Motion for Reconsideration at issue here *pro se*. *See* ECF No. 54 at 4. Therefore, it would appear that Plaintiff may have been "between attorneys" when he filed, notwithstanding Jabron's failure to withdraw. The Court thus will, in its discretion, entertain the merits of Johnson's Motion, and deny Defendants' Motion to Strike.

B. **Plaintiff's Motion to Clarify or for Leave to Amend**

The Court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b). *See Calvary Christian*

2

*Center v. City of Fredericksburg, Virginia*, 710 F.3d 536, 539 (4th Cir. 2013). Under Rule 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e); *see also Ford v. United States*, No. GJH-11-3039, 2016 WL 3430673, at *1 (D. Md. Mar. 16, 2016). The Court may alter or amend an earlier judgment only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

Under Rule 60(b), the Court may relieve a party from an adverse judgment if the party shows (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); *see also Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010).

However, the Fourth Circuit has clarified that for post-judgment requests to amend the complaint, as here, "[t]o determine whether vacatur is warranted . . . the court need not concern itself with either of those rules' legal standards. The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). Accordingly "a court should evaluate a postjudgment motion to amend the complaint "under the same legal

3

standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." *Id.* (citing *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)).

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427. An amendment is often found to be prejudicial where, for example, it "raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant and is offered shortly before or during trial." *Id.* (citations omitted); *see also Deasy v. Hill*, 833 F.2d 38, 42 (4th Cir. 1987) (noting that "[b]elated claims which change the character of litigation are not favored"); *Isaac v. Harvard University*, 769 F.2d 817, 829 (1st Cir. 1985) (affirming denial of proposed amendment which would "very materially change the nature of the complaint").

Since June 2015, Plaintiff has proceeded on a theory that his February 2012 check in the amount of $12,390.00 (the "Purported Settlement") fully satisfied his outstanding principal balance of $35,556.58, and therefore discharged Plaintiff's student loan obligations. *See* ECF Nos. 1 and 10. Now, nearly two years later — and after Plaintiff's claim that his debt has been extinguished has been repeatedly rejected by this Court and others — Plaintiff seeks to amend his Complaint for the second time, post-judgment, and proceed on a theory that the Department of Education failed to "apply valid check payments" and reduce Johnson's principal balance. Plaintiff also adds a barrage of new claims, including three claims of breach of contract, conversion, and "invasion of privacy by intrusion upon seclusion." *See* ECF No. 51-1 at 9–17. Requiring the Department to now defend against these claims at this late juncture is prejudicial. *See Rhodes v. E.I. Du Pont De Nemours & Co.*, No. CIV.A. 6:06-CV-00530, 2009 WL 3380351, at *1 (S.D.W. Va. Oct. 16, 2009) (denying leave to amend where "adding a new and substantially different cause of action" would prejudice the defendants); *Omni Outdoor*

4

*Advertising, Inc. v. Columbia Outdoor Advertising, Inc.*, 974 F.2d 502, 506 (4th Cir. 1992) (denying leave to amend, noting that "[t]rying cases one claim at a time is both unfair to the opposing party and inefficient for the judicial system").

Moreover, Plaintiff has had ample opportunity to present these claims, and he has offered no justification for omitting these claims in his Complaint or First Amended Complaint. *See Glaser v. Enzo Biochem, Inc.*, 126 F. App'x 593, 602 (4th Cir. 2005) (affirming denial of leave to amend where plaintiff had "many opportunities to present their claim"); *Hemphill v. ARAMARK Corp.*, No. 1:12-CV-01584-ELH, 2014 WL 1248296, at *25 (D. Md. Mar. 25, 2014), *aff'd*, 582 F. App'x 151 (4th Cir. 2014) (denying leave to amend where plaintiff knew the underlying facts when he filed the earlier complaint). The timing of his amendment is thus prejudicial to Defendants.

In addition, "where the movant first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory, denial of leave to amend on the grounds of bad faith may be appropriate." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981). In this case, Johnson first presented a theory that his "conditional settlement constitutes a valid accord and satisfaction" of his student loans, ECF No. 10 at 14, and now, only after the Court has found that such a theory is barred by collateral estoppel, Johnson advances a theory that the settlement check "should have reduced" the balance. *See* ECF No. 51-1 at 7–8. *See Horton v. Vinson*, No. 1:14CV192, 2015 WL 4774276, at *29 (N.D.W. Va. Aug. 12, 2015) (denying leave to amend and agreeing that "[o]nly after [plaintiff] became aware of the limitations on pleading . . . [the] claims through motions practice did he mention any of these new factual allegations, leading to the natural conclusion that he has chosen to add these allegations in bad faith . . .") (internal citations and alterations omitted). This, coupled with Johnson's well-established history

5

as "a serial litigator who is on a decade-long quest (undeterred by lack of success at each instance) to avoid paying student loans that he took out from 1993 to 1996 and to sue various parties associated with these loans," *Johnson v. Experian Info. Sols., Inc.*, No. PWG-15-558, 2015 WL 7769502, at *1 (D. Md. Nov. 17, 2015), *aff'd*, 670 F. App'x 778 (4th Cir. 2016), leads the Court to find that the proposed amendment is also made in bad faith.

Finally, such an amendment would be futile. An amendment is futile where "the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," or "fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). Here, because Plaintiff has failed to establish that sovereign immunity has been waived for the Department of Education, a federal agency, with respect to any of his claims, the proposed Second Amended Complaint is also futile. *See, e.g., Friends of Dereef Park v. Nat'l Park Serv.*, No. 2:13-CV-03453-DCN, 2015 WL 12807782, at *6 (D.S.C. Apr. 13, 2015) (finding intervenor-defendant's proposed amendment against federal defendants would be futile unless proponent could establish that federal defendants had waived sovereign immunity).

"Sovereign immunity deprives a court of jurisdiction." *U.S. v. Jones*, 225 F.3d 468, 469 (4th Cir. 2000). "It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Once a challenge is made to subject matter jurisdiction, the Plaintiff bears the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also Ferdinand–Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010). Federal Rule of Civil Procedure 12(h)(3) prescribes that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the

6

court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (noting that "[o]bjections to subject-matter jurisdiction . . . may be raised at any time.").

First, the Court lacks jurisdiction over Plaintiff's breach of contract claims against the Department, because the limited waiver of sovereign immunity set forth in 28 U.S.C. § 1346(a), commonly known as the Little Tucker Act, does not apply to Plaintiff's claims. The Little Tucker Act provides in relevant part:

> [T]he district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [any] . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1346(a)(2). However, "the Little Tucker Act has long been construed as waiving the federal government's sovereign immunity only with respect to claims that seek monetary relief in the form of 'actual, presently due money damages.'" *Dawson v. Great Lakes Educ. Loan Servs., Inc.*, No. 15-CV-475-BBC, 2016 WL 426610, at *3 (W.D. Wis. Feb. 3, 2016) (citing *Bowen v. Massachusetts*, 487 U.S. 879, 914-15 (1988)). "Claims for any type of equitable or nonmonetary relief, such as injunctive or declaratory relief, do not fall within the Little Tucker Act's ambit." *Id.* (citing *Sharp v. Weinberger*, 798 F.2d 1521, 1523–24 (D.C. Cir. 1986)).

Here, while Plaintiff seeks $10,000.00 in compensatory damages for Defendants' alleged breach of the federal Direct Loan contract, Plaintiff has no cause of action for "actual, presently due money damages" from the United States. As the Court of Federal Claims has already recognized:

> Although he alleges a medley of contractual breaches by the Department of Education, Mr. Johnson never suggests that he has sustained any injury that would require the government to pay him

7

> damages. Indeed, his sole grievance is that the government has illegally increased his preexisting debt. Whether or not this is so, Mr. Johnson will not have a cause for monetary damages until he actually pays off some part of that allegedly improper debt. . . .
>
> Currently, even if Mr. Johnson were to prove that a portion of his debt is unjustified, he would still owe a substantial outstanding balance to the Department of Education. Mr. Johnson consequently has no grounds to demand a refund of payments already made and thus no claim for monetary damages.

*Johnson v. United States*, 105 Fed. Cl. 85, 95 (2012). Thus, even if successful, Plaintiff could only achieve injunctive relief in the form of an order that his debt amount be recalculated. Because such claims do not fall within the Little Tucker Act's waiver of immunity, the Court lacks jurisdiction over Johnson's breach of contract claims. *See Dawson*, 2016 WL 426610, at *3 (finding no jurisdiction over student loan case under the Little Tucker Act). Plaintiff's claim for specific performance on the contract also fails, as the Higher Education Act ("HEA") prohibits claims for injunctive relief against the Secretary of Education in relation to her powers under the HEA. *See* 20 U.S.C. § 1082(a)(2) ("no . . . injunction . . . shall be issued against the Secretary or property under the Secretary's control); *Lipczenko v. Duncan*, No. CIV. CCB-09-1407, 2010 WL 672846, at *2 (D. Md. Feb. 22, 2010) (finding no subject matter jurisdiction over plaintiff's action seeking to enjoin Secretary of Education from collecting on his student loan debt).

Additionally, the Court lacks jurisdiction over Plaintiff's tort claims for conversion and invasion of privacy by intrusion upon seclusion. The Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2671, *et seq.*, operates as a limited waiver of sovereign immunity, *see Suter v. United States*, 441 F.3d 306, 310 (4th Cir. 2006), but such waivers must be strictly and narrowly construed. *See Lane v. Pena*, 518 U.S. 187, 192 (1996). The FTCA provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within

the scope of his office or employment." 28 U.S.C. § 2679(b). However, such claims are properly brought only "against the United States." *See id.* Thus, "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims" under the FTCA. § 2679(a). Since the FTCA "only waives sovereign immunity for suits brought against 'the United States,' suits brought against a federal agency *eo nomine* or against a federal employee individually are dismissible for lack of jurisdiction." *Strong v. Dyar*, 573 F. Supp. 2d 880, 884–85 (D. Md. 2008) (citing 28 U.S.C. § 2679; *Holmes v. Eddy*, 341 F.2d 477, 480 (4th Cir. 1965)). Accordingly, Plaintiff's tort claims against the Department of Education fail for lack of subject matter jurisdiction.

Finally, Plaintiff fails to establish that waiver of sovereign immunity is clear and "unequivocally expressed" in his claims under the Fair Credit Reporting Act ("FCRA") or the Maryland Consumer Debt Collection Act ("MCDCA"). As this Court recently held in *Robinson v. Pennsylvania Higher Educ. Assistance Agency*, No. GJH-15-0079, 2017 WL 1277429, at *3 (D. Md. Apr. 3, 2017), the provisions of the FCRA imposing civil liability for noncompliance with its provisions do not contain an unequivocal waiver of sovereign immunity for the federal government. Further, the language of the MCDCA — a Maryland state statute — cited by Plaintiff, in no way operates to waive sovereign immunity for the U.S. Department of Education. *See* ECF No. 54 at 9. That the MCDCA defines "person" to include a "legal or commercial entity," Md. Code, Com. Law § 14-201, is wholly inapposite to the question of waiver. *Cf. Ha v. U.S. Dep't of Educ.*, 680 F. Supp. 2d 45, 47 (D.D.C. 2010) (declining to "assert jurisdiction over the defendant based on the FDCPA in accordance with 'the longstanding principle that only Congress can waive an executive agency's sovereign immunity.'"). The remaining proposed claims similarly fail for lack of jurisdiction, and therefore shall be denied as futile.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend, ECF No. 51, is denied. Defendants' Motion to Strike, ECF No. 52, is denied. A separate Order shall issue.

Date: August 11, 2017

GEORGE J. HAZEL
United States District Judge