IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **JOSEPH JOHNSON, JR.** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-15-1820 |
| | * | |
| **BETSY DEVOS, SECRETARY** | | |
| **U.S. DEP'T OF EDUC.,** *et al.,* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In this case, Plaintiff Joseph Johnson, Jr.,[1] "a serial litigator who is on a decade-long quest (undeterred by lack of success at each instance) to avoid paying student loans that he took out from 1993 to 1996 and to sue various parties associated with these loans," *Johnson v. Experian Info. Sols., Inc.*, No. PWG-15-558, 2015 WL 7769502, at *1 (D. Md. Nov. 17, 2015), *aff'd*, 670 F. App'x 778 (4th Cir. 2016), sued the United States Department of Education and the Secretary of the Department of Education.[2] On February 1, 2017, the Court dismissed Plaintiff's First Amended Complaint, reasoning that Plaintiff's claims were barred under the doctrine of collateral estoppel. *Johnson v. Duncan*, No. GJH-15-1820, 2017 WL 462049 (D. Md. Feb. 1, 2017). On February 27, 2017, Plaintiff filed a Motion to Clarify Memorandum Opinion and Order and for Leave to Amend the Complaint. ECF No. 51. Plaintiff attached to this Motion a proposed Second Amended Complaint. ECF No. 51-1. The Court denied Plaintiff's Motion on

---

[1] Although he was originally represented by counsel, on November 3, 2017, the Court granted a motion for Johnson's attorneys to withdraw from this case, and he is now representing himself. ECF No. 67.

[2] Arne Duncan was originally the named defendant in this case. Betsy DeVos was confirmed as the eleventh Secretary of Education on February 7, 2017 and was substituted for former Secretary of Education, Arne Duncan pursuant to Fed. R. Civ. P. 25(d).

August 11, 2017, holding that (1) amendment of the Complaint would be prejudicial to Defendants; (2) the proposed amendment was made in bad faith; and (3) the amendment would be futile as the Department of Education had not waived sovereign immunity with respect to the claims in the Second Amended Complaint, thus depriving the Court of subject matter jurisdiction. *Johnson v. Devos*, No. GJH-15-1820, 2017 WL 3475668 (D. Md. Aug. 11, 2017).[3]

Plaintiff latched onto the third argument of the Court's Memorandum Opinion regarding sovereign immunity, and on October 2, 2017, filed the now-pending Motion for Relief from Judgment from the Court's dismissal of the <u>First</u> Amended Complaint, pursuant to Federal Rules of Civil Procedure Rule 60(b), arguing that the Court never had subject matter jurisdiction over his First Amended Complaint. ECF No. 61. As sovereign immunity had not been waived, Plaintiff argued, the Court should not have dismissed his First Amended Complaint for reasons of collateral estoppel, but should have dismissed the case on the grounds of sovereign immunity.[4] The motion has been fully briefed, and the Court determines that a hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion for Relief is denied.

I. **STANDARD OF REVIEW**

Under Federal Rules of Civil Procedure Rule 60(b)(4), a court may relieve a party from a final judgment if "the judgment is void." "A judgment is void only if the court that rendered judgment lacked jurisdiction over the subject matter or the parties or in circumstances in which

---

[3] After filing his pending Motion, on October 6, 2017, Plaintiff filed a Notice of Appeal with the Court, stating that he would appeal ECF No. 50 and ECF No. 57, along with "all other final orders." ECF No. 62. The United States Court of Appeals for the Fourth Circuit is currently holding Plaintiff's appeal in abeyance pending the Court's disposition of Plaintiff's pending Motion. ECF No. 68.

[4] It is unclear what Plaintiff stands to gain from voiding the initial decision. If the Court grants Plaintiff's Motion, it would vacate its prior decision but still dismiss Plaintiff's First Amended Complaint for lack of subject matter jurisdiction; either way, Plaintiff's suit will be dismissed. Presumably, Plaintiff does not want an opinion on the record declaring that new claims brought by him are barred by the doctrine of collateral estoppel. However, even if the Court granted Plaintiff's Motion, the Court's initial decision would remain on the record and could be cited to as persuasive authority by future defendants.

2

the court's action amounts to a violation of due process." *Choice Hotels Int'l, Inc. v. Bonham*, 125 F.3d 847 (4th Cir.1997) (citing *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir.1992)). While this Rule is "seemingly broad," the Fourth Circuit has "narrowly construe[d] the concept of a 'void' order under Rule 60(b)(4)." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). Indeed, the Fourth Circuit has pointed approvingly to the Eighth Circuit's comment that "a federal court judgment is almost never void because of lack of federal subject matter jurisdiction." *Id.* at 413 (citing *Kansas City S. Ry. Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825 n. 5 (8th Cir. 1980)). A court will treat the judgment as void only if the jurisdictional error is "egregious." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 302 (4th Cir. 2017). "Thus, when deciding whether an order is 'void' under Rule 60(b)(4) for lack of subject matter jurisdiction, courts must look for the 'rare instance of a clear usurpation of power.'" *Wendt*, 431 F.3d at 413. A court plainly usurps jurisdiction "only when there is a 'total want of jurisdiction' and no arguable basis on which it could have rested a finding that it had jurisdiction." *Id.* "An error in interpreting a statutory grant of jurisdiction is not equivalent to acting with total want of jurisdiction." *Id.* (internal quotations and brackets omitted).

Typically, "an appeal divests a trial court of jurisdiction over those aspects of the case involved in the appeal." *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999) (internal citation and quotation marks omitted). However, the district court "retains jurisdiction over matters in aid of the appeal," including motions for reconsideration under Rule 60. *Id.* (internal citation and quotation marks omitted). The Fourth Circuit has instructed that "[i]f the district court determines that the motion is meritless, as experience demonstrates is often the case, the court should deny the motion forthwith; any appeal from the denial can be consolidated with the appeal from the underlying order." *Id.* at 891.

3

## II. DISCUSSION

Plaintiff argues that, consistent with the Court's denial of his Motion for Leave to Amend the Complaint, the Court never had subject matter jurisdiction over the First Amended Complaint, and the Court should declare its initial Order and Memorandum Opinion void and dismiss instead for lack of subject matter jurisdiction. *Id.* at 7.[5] In response, Defendants argue that only Plaintiff's First Amended Complaint included various provisions of the Higher Education Act of 1965 ("HEA"), and the HEA includes a limited waiver of sovereign immunity "which is a broad enough wavier [sic] of the Department of Education's immunity to allow the Court to exercise jurisdiction over Plaintiff's common law contract, quasi-contract, and equitable claims in Counts I-IV of his First Amended Complaint," but which precludes injunctive relief from being awarded against Defendants.[6] ECF No. 65 at 6.

The Court need not determine whether or not the HEA's "sue or be sued" waiver was broad enough to cover the claims in Plaintiff's First Amended Complaint; the Court need only determine whether the Court made an "egregious" jurisdictional error in failing to *sua sponte* dismiss the First Amended Complaint on the basis of sovereign immunity. The Court assumes for the purpose of considering Plaintiff's Motion that the Court did not have subject matter jurisdiction over the First Amended Complaint; still, the Court denies Plaintiff's Motion and finds that it did not make an "egregious" jurisdictional error.

The issue of sovereign immunity barring the claims in Plaintiff's First Amended Complaint was not raised by the parties at any point prior to Plaintiff's now-pending Motion. In fact, up to this point, both parties had argued that this Court <u>had</u> subject matter jurisdiction, and

---

[5] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[6] 20 U.S.C. § 1082(a)(2) provides that the Secretary may "sue or be sued" in federal district court regarding "the performance of, and with respect to, the functions, powers, and duties vested in him," excluding any claim for an "injunction."

4

that sovereign immunity had been waived. *See* ECF No. 10 ¶ 4; ECF No. 54 at 7. While the Court must raise the issue of subject matter jurisdiction *sua sponte* if it does not have jurisdiction, *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004), the fact that the issue was not raised by either party is relevant to a determination of whether the Court's error was "egregious."

Additionally, this is not a case where the Court acted on a claim that clearly fell outside of its federal question or diversity jurisdictions. Here, neither party disputes that the Court would normally have subject matter jurisdiction over the types of claims in the First Amended Complaint were they brought against a private party, given the federal questions raised therein. *See, e.g.*, ECF No. 10 at 11. Instead, Plaintiff argues that Defendants could not be sued, because there was no "unequivocal waiver of sovereign immunity for the federal government" which encompassed the claims contained in the First Amended Complaint. ECF No. 61 at 6. The Court concludes that any error in failing to dismiss the First Amended Complaint because of sovereign immunity, when that issue had not been raised by either party, was not an "egregious" error, but was, at worst, an "error in interpreting a statutory grant of jurisdiction." *Wendt*, 431 F.3d at 413. This did not constitute a "clear" and "egregious" "usurpation of power," *id.*, and the Court's prior Order is not void.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief from Judgment, ECF No. 61, is denied. A separate Order shall issue.

Date: May 23, 2018

_____
GEORGE J. HAZEL
United States District Judge

5